# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**PENELOPE STILLWELL**,

    Plaintiff,

v.                                 Case No. 8:25-cv-01608-WFJ-AEP

**STEVEN H. MEZER**, in his individual
and official capacity;
**LILLIANA M. FARINAS-SABOGAL**, in
her individual and official capacity;
**MICHAEL J. BRUDNY**, in his individual
and official capacity;
**BECKER & POLIAKOFF, P.A.**;
**TIRSO M. CARREJA JR.**, in his individual
and official capacity;
**CELLCO PARTNERSHIP** d/b/a **Verizon
Wireless**; and
**PINELLAS COUNTY CLERK OF
COURT**, in his official capacity,

    Defendants.

_____/

## OMNIBUS ORDER

    Before the Court are Defendants Steven H. Mezer, Michael J. Brudny, Lilliana

M. Farinas-Sabogal, and Becker & Poliakoff, P.A.[1]; Tirso M. Carreja, Jr. and Cellco

Partnership d/b/a Verizon Wireless[2] (collectively, "Verizon"); and the Pinellas

---

[1] Defendants Steven H. Mezer, Michael J. Brudny, and Lilliana M. Farinas-Sabogal are attorneys for Defendant Becker & Poliakoff, P.A., and represented Landmark Towers at Sand Key Condominium Association Inc. in the underlying state court litigation over the cell tower. Dkt. 13 at 4.

[2] Defendant Tirso M. Carreja, Jr., an attorney with Shutts & Bowen LLP, represented Defendant Verizon in the underlying state court litigation over the cell tower. Dkt. 3 ¶ 14.

County Clerk of Court's[3] (the "Pinellas Clerk") Motions to Dismiss the Amended Complaint. Dkts. 13, 16, 17. Plaintiff Penelope Stillwell, proceeding *pro se*, has responded in opposition, Dkts. 21, 26, 27, and only Becker & Poliakoff, P.A. and its attorneys have replied. Dkt. 22. For the reasons explained below, the Court grants the motions to dismiss without prejudice.

## BACKGROUND

This dispute arises from the alleged "unauthorized construction of a commercial telecommunication cell tower facility on Plaintiff's fee simple common property," and the subsequent "racketeering conspiracy among attorneys, telecom corporate actors, and local public officials." Dkt. 3 ¶ 1.

Plaintiff Stillwell is a condominium owner in Pinellas County, Florida, who has opposed the placement of a commercial cell tower on her residential property. *Id.* ¶¶ 2, 5. Plaintiff claims that, on some unspecified date, Defendant Steven H. Mezer, an attorney for Defendant Becker & Poliakoff, P.A., participated in a scheme for the construction of a Verizon cell tower on Plaintiff's condominium property "based on a fraudulent amendment to the condominium declaration." *Id.* ¶ 6. Defendant Mezer then facilitated an "illegal sale" of the Verizon cell tower lease to a "foreign country's sovereign wealth fund for $630,000." *Id.* ¶ 8. In an effort to

___

[3] More specifically, Plaintiff is suing Ken Burke, Clerk of the Circuit Court and Comptroller for Pinellas County, Florida, in his official capacity. *See* Dkt. 17 at 1.

mask the actual purchaser of the cell tower lease, Defendant Mezer allegedly "used a false Massachusetts LLC." *Id.* ¶¶ 9, 10. Plaintiff further claims that Defendant Mezer's use of "a straw purchaser in the Verizon Wireless lease sale" was designed to circumvent the "FCC's strict regulation and scrutiny of foreign control of the US telecom sector to protect critical infrastructure and national security." *Id.* ¶ 11.

As part of the scheme, a suspended condominium board member, Lee Donnelly, working under the direction of Defendant-attorney Michael Brudny, signed and filed a fraudulent amendment to the condominium declaration, which permitted construction of the cell tower. *Id.* ¶ 19. Lee Donnelly then signed an agreement authorizing Verizon to install the cell tower. *Id.* ¶ 20. Defendant Verizon allegedly bribed Lee Donnelly by paying him $5,000 to sign the agreement. *Id.* ¶ 21. Following the execution of the lease with Verizon, the condominium association entered into a "secretive agreement" on October 19, 2023, to sell the lease to the strawman Massachusetts entity (allegedly owned by a foreign sovereign wealth fund) for $630,000. *Id.* ¶¶ 22, 23, 24. The sale of the lease was later rescinded. *Id.* ¶ 25.

Plaintiff filed suit at some unspecified point in the Sixth Judicial Circuit of Florida—*Penelope Stillwell v. Arlene Mussel White, et al.*, case number 22-001990-CI. *Id.* ¶¶ 17, 26, 27. Plaintiff vaguely alleges that she filed a motion for summary judgment at some unknown point, which Defendant Judge George M. Jirotka "never

ruled on" and "denied Plaintiff access to schedule hearings and enforcing a system that requires a Florida Bar ID." *Id.* ¶¶ 26, 27. Plaintiff also alleges that "Defendant Pinellas County Clerk of Court maintains the [judicial automated workflow system ("JAWS")] hearing scheduling system that requires a Florida Bar ID to access hearing time, thereby excluding *pro se* litigants from equitable participation in court proceedings." *Id.* ¶ 18.

On June 20, 2025, Plaintiff filed suit in federal court, Dkt. 1, and subsequently amended her complaint three days later. Dkt. 3. The two-count Amended Complaint alleges a 42 U.S.C. § 1983 claim for violations of the First and Fourteenth against Judge Jirotka and the Pinellas Clerk and a civil Racketeer Influenced and Corrupt Organizations ("RICO") claim under 18 U.S.C. §§ 1962(c), (d) against all the other Defendants. *Id.* In September 2025, all Defendants (except for Judge Jirotka) filed the instant motions to dismiss the Amended Complaint. Dkts. 13, 16, 17.

## LEGAL STANDARD

As an initial matter, *pro se* litigants' filings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This liberal reading, however, does not exempt *pro se* plaintiffs from the pleading standards outlined in the Federal Rules of Civil Procedure or the Local Rules of the Middle District of Florida. *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *Caton v. Louis*, No. 2:07-CV-32-FtM-99SPC, 2007 WL 9718731,

at \*1 (M.D. Fla. Feb. 21, 2007). Moreover, a district court may not serve as a *pro se* plaintiff's "*de facto* counsel" or "rewrite an otherwise deficient pleading. . . ." *See GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in a light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citation modified) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The Court does not need to accept as true any bare legal conclusions offered in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

For the reasons discussed below, the Court grants Defendants' motions to dismiss. As pled, the Court finds that Plaintiff has failed to adequately allege a 42 U.S.C. § 1983 claim and a civil RICO claim. The Court begins with the Section 1983 claim against the Pinellas Clerk and then turns to the civil RICO claim against the other Defendants.

## I.    Count I- Section 1983 Claim

The Amended Complaint brings a 42 U.S.C. § 1983 claim against the Pinellas Clerk for excluding Plaintiff "from access to court via the JAWS system due to her pro se status" in violation of the First and Fourteenth Amendments. The Pinellas Clerk contends that "[o]ther than the conclusory statement that her rights were violated, the Amended Complaint does not offer any additional facts as to which actions by the Clerk deprived Plaintiff of these rights or how such actions would constitute a 42 U.S.C. § 1983 cause of action." Dkt. 17 at 3. The Court agrees.

In general, "to state a claim under § 1983," a plaintiff must allege (1) "the violation of a right secured by the Constitution and laws of the United States," and (2) that the alleged violation "was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff's Amended Complaint fails on the first element. Beginning with the alleged First Amendment violation, Plaintiff has not provided a single factual allegation in the Amended Complaint that explains how denying access to JAWS violated her First Amendment right to (presumably) freedom of speech. Dkt. 3 ¶ 28. Assuming that Plaintiff is bringing a freedom of speech claim, there are zero allegations to put Defendants on notice of what kind of First Amendment claim is being brought, such as a First Amendment Restriction claim or a First Amendment Retaliation claim. *See e.g.*, *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic*

*Ass'n, Inc.*, 942 F.3d 1215, 1236 (11th Cir. 2019); *Echols v. Lawton*, 913 F.3d 1313, 1320 (11th Cir. 2019). As such, even when liberally construing the Amended Complaint, the Court cannot determine how the singular factual allegation that Plaintiff was "excluded from access to court via the JAWS system" constitutes a First Amendment violation under Section 1983. Dkt. 3 ¶ 28. As pled, Plaintiff's First Amendment claim is due to be dismissed.

As to the Fourteenth Amendment claim, Plaintiff again fails to plead any factual allegations about what kind of Equal Protection Clause claim she is bringing and how the Pinellas Clerk's actions violated such a right. The Equal Protection Clause of the Fourteenth Amendment proclaims that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of laws." U.S. Const. amend. XIV, § 1. Essentially, this is "a direction that all persons similarly situated should be treated alike." *Martinez v. Warden*, 848 F. App'x 864, 867 (11th Cir. 2021) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). To state a claim under the Equal Protection Clause, a plaintiff "must allege that the plaintiff is a member of an identifiable group, was subjected to differential treatment from others similarly situated, and the difference in treatment was based on his or her membership in that group." *Glenn v. Brumby*, 724 F. Supp. 2d 1284, 1296 (N.D. Ga. 2010), *aff'd*, 663 F.3d 1312 (11th Cir. 2011) (citing *Pers. Adm'r of Mass. v. Feeney,* 442 U.S. 256, 279 (1979)). Alternatively, a plaintiff may allege a class-of-

one equal-protection claim and allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Campbell v. Rainbow City,* 434 F.3d 1306, 1314 (11th Cir. 2006) (quoting *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)).

Here, Plaintiff neither alleges that she was treated differently based on membership in a group nor alleges disparate treatment based on characteristics unique to her. There are also no facts that sufficiently allege the "similarly situated" requirement. As pled, her equal-protection claim is subject to dismissal.

Plaintiff's Fourteenth Amendment due process claim does not fare any better. Again, there are no allegations about the type of due process claim being brought— i.e., substantive due process or procedural due process. *See e.g., McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994). Nor are there any facts suggesting that the Pinellas Clerk's actions violated Plaintiff's due process rights (under either type of claim). Therefore, the Pinellas Clerk's motion to dismiss Count I is granted without prejudice.

## II.    Count II- Civil RICO Claim

Turning to the civil RICO claim against Defendant Verizon and the Defendant-attorneys, the Court finds the Amended Complaint has failed to adequately plead a civil RICO claim under 18 U.S.C. §§ 1962(c), (d).

RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). In addition to creating criminal liability, RICO creates a civil cause of action for "[a]ny person injured in his business or property" by a violation of § 1962. 18 U.S.C. § 1964(c). A plaintiff must allege the following six elements to bring a RICO claim: "that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). A RICO claim can be dismissed if it fails to plausibly allege any one of these six elements. *Id.*

As to the second element, RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "An 'association-in-fact enterprise is simply a continuing unit that functions with a common purpose.'" *Cisneros*, 972 F.3d at 1211 (quoting *Boyle v. United States*, 556 U.S. 938, 948 (2009)). A plaintiff must allege more than an "abstract common purpose, such as a generally shared interest in making money." *Id.* "[W]here the

participants' ultimate purpose is to make money for themselves, a RICO plaintiff must plausibly allege that the participants shared the purpose of enriching themselves through a particular criminal course of conduct." *Id.* "The 'pattern of racketeering activity' element requires that a civil RICO plaintiff establish 'at least two acts of racketeering activity.'" *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 948 (11th Cir. 1997) (citing 18 U.S.C. § 1961(5)).

Additionally, civil RICO claims "are essentially a certain breed of fraud claims, [which] must be pled with an increased level of specificity" under Federal Rule of Civil Procedure Rule 9(b). *Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007); *see* Fed. R. Civ. P. 9(b) (requiring that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"). To satisfy rule 9(b), a RICO claim must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the [p]laintiffs; and (4) what the [d]efendants gained by the alleged fraud." *Ambrosia Coal & Constr. Co.*, 482 F.3d at 1316–17.

Here, Plaintiff has failed to plead several elements of her RICO claim. Plaintiff alleges that Verizon, Becker & Poliakoff, P.A. (and its attorneys), and Tirso M. Carreja, Jr., were all in an association-in-fact enterprise to "unlawfully enrich themselves through exploitation of the condominium's common property." Dkt. 3 ¶

10

31. But the Amended Complaint fails to plausibly allege more than an abstract common purpose. The conclusory allegation that all the Defendants shared a common purpose to unlawfully enrich themselves and fraudulently "conceal[ed] [] material facts from courts and condominium owners" is devoid of any factual support. *Id.* Besides naming the various Defendants and concluding that they shared a common purpose, the Amended Complaint does not offer any facts to plausibly support the inference that these attorneys, law firm, and telecommunications company were somehow participants in a scheme to defraud Plaintiff. Therefore, Plaintiff has not plausibly alleged the existence of an enterprise, as required by the federal RICO Act.

Nor has Plaintiff met Rule 9(b)'s heightened pleading standard for the pattern of racketeering activity. Plaintiff claims Defendants committed "mail and wire fraud, obstruction of justice, tampering with official records, and money laundering" without any specificity. *Id.* ¶ 32. Plaintiff failed to allege "precise statements, documents, or misrepresentations made" or how the precise misrepresentations misled her. *See Ambrosia Coal & Constr. Co.*, 482 F.3d at 1317. Instead, Plaintiff has only provided vague and conclusory allegations that Defendants worked together to assist an unknown "foreign sovereign wealth fund" for their own monetary benefit. Dkt. 3 ¶¶ 24, 31.

Further, none of the sparse allegations concerning unlawful signatures by a suspended board member and a secretive agreement satisfy the Rule 9(b) standard, *id.* ¶¶ 19–27, as they do not allege the time and place of the predicate acts. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (citiation modified) (concluding that the plaintiffs' RICO claims fell short of the heightened Rule 9(b) pleading standard when the claims were "devoid of specific allegations with respect to the separate [d]efendants" but "simply 'lumped together' all of the [d]efendants in their allegations of fraud"); *see Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) ("Plaintiffs do not point to a single specific misrepresentation by Defendants. . . ."). Even liberally construing the Amended Complaint, the Court finds Plaintiff failed to plead her civil RICO claim against each Defendant and dismisses Count II without prejudice.[4]

## CONCLUSION

The Eleventh Circuit is clear that this Court must give a *pro se* plaintiff, like Ms. Stillwell, "at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Plaintiff has already amended her complaint once. *See*

---

[4] In Steven H. Mezer, Michael J. Brudny, Lilliana M. Farinas-Sabogal, and Becker & Poliakoff, P.A.'s motion to dismiss, Defendants bring up arguments concerning the *Rooker-Feldman* doctrine and *Younger* abstention. Dkt. 13 at 2. Because the Court finds that Plaintiff has failed to state a civil RICO claim against Defendants in Count II, the Court declines to consider the application of these doctrines at this time. However, if Plaintiff amends her complaint within the allotted time, Defendants are free to re-raise these arguments on any subsequent motion to dismiss. And Plaintiff should review these doctrines, as federal courts generally do not sit in review over, or correct, state court judgments. *See Efron v. Candelario*, 110 F.4th 1229, 1235 (11th Cir. 2024).

Dkts. 1, 3. All Defendants seek dismissal with prejudice, arguing Plaintiff will be unable to state a claim under Section 1983 and RICO. Dkt. 13 at 2; Dkt. 16 at 2; Dkt. 17 at 4. While the Court may agree at the end of the day, Plaintiff may make one last attempt at stating a claim under Section 1983 and RICO. However, the Court warns that any subsequent complaint that fails to state a claim will be dismissed with prejudice. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019); *Woldeab*, 885 F.3d at 1291. And Plaintiff is cautioned to review Federal Rule of Civil Procedure 11. Further, Plaintiff is well-advised to seek legal counsel, including perhaps one of the legal aid services that might provide free advice.[5]

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendants' Motions to Dismiss, Dkts. 13, 16, 17, are **GRANTED.**

2. Plaintiff's Amended Complaint, Dkt. 3, is **DISMISSED without prejudice.** Plaintiff will have one more opportunity to amend her complaint to adequately state a claim under 42 U.S.C. § 1983 and RICO. If Plaintiff chooses to file an amended complaint, she must do so within **TWENTY-ONE (21) days** of the date of this Order.

**DONE AND ORDERED** in Tampa, Florida, on November 19, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

---

[5] *See e.g.*, Bay Area Volunteer Legal Services—(800) 625-2257; Legal Aid of Manasota—(941) 366-0038.

13

**<u>COPIES FURNISHED TO</u>**:
Counsel of Record
Plaintiff, *pro se*