UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PENELOPE STILLWELL,**

     Plaintiff,

v.                                    Case No. 8:25-cv-01608-WFJ-AEP

**STEVEN H. MEZER**, in his individual
and official capacity;
**LILLIANA M. FARINAS-SABOGAL**, in
her individual and official capacity;
**MICHAEL J. BRUDNY**, in his individual
and official capacity;
**BECKER & POLIAKOFF, P.A.**;
**TIRSO M. CARREJA JR.**, in his individual
and official capacity;
**CELLCO PARTNERSHIP** d/b/a **Verizon
Wireless**; and

     Defendants.

_____/

## **ORDER**

Before the Court are Defendants Steven H. Mezer, Michael J. Brudny, Lilliana

M. Farinas-Sabogal, Becker & Poliakoff, P.A., Tirso M. Carreja, Jr., and Cellco

Partnership d/b/a Verizon Wireless's Motions to Dismiss the Third Amended

Complaint. Dkts. 54, 55. Plaintiff Penelope Stillwell, proceeding *pro se*, has

responded in opposition, Dkts. 58, 59. For the reasons explained below, the Court

grants the motions to dismiss Plaintiff's Third Amended Complaint with prejudice.

1

## BACKGROUND[1]

This dispute arises from the alleged unauthorized construction of a commercial telecommunications cell tower facility on Plaintiff's condominium property and the subsequent racketeering conspiracy among attorneys and a telecommunications company. Dkt. 51 ¶¶ 1–3.

As the Court discussed in its prior dismissal order, Plaintiff Stillwell is a condominium owner in Pinellas County, Florida, who has opposed the placement of a commercial cell tower on her residential property. *Id.* ¶¶ 1, 6. Plaintiff claims that attorneys for Defendant Becker & Poliakoff, P.A., participated in a scheme for the construction of a Verizon cell tower on Plaintiff's condominium property based on a fraudulent amendment to the condominium declaration. *Id.* ¶¶ 8–15. Plaintiff alleges that a suspended condominium board member, Lee Donnelly, worked under the direction of Defendant-attorney Michael Brudny to create and file a fraudulent amendment to the condominium declaration, which permitted construction of the cell tower for Verizon. *Id.* ¶¶ 13–22. Additionally, Defendant-attorneys allegedly worked with Verizon in a "secret conspiracy" to sell the cell tower lease to Kuwait's sovereign wealth fund for $630,000. *Id.* ¶¶ 39–40, 43.

---

[1] The Court's prior motion to dismiss order provided a detailed factual background. Dkt. 38 at 2–4. Plaintiff's allegations in the Third Amended Complaint are largely the same. *See* Dkt. 51. As such, the Court incorporates by reference its prior factual background and provides a brief overview of Plaintiff's allegations. *See* Dkt. 38 at 2–4.

On April 29, 2022, Plaintiff filed suit in the Sixth Judicial Circuit of Florida—*Penelope Stillwell v. Arlene Mussel White, et al.*, case number 22-001990-CI. *Id.* ¶¶ 6, 32–36. The subject matter of the underlying state court complaint was the same as the instant one, albeit with state law legal theories. Verizon and the condominium officers were the defendants. The state court lawsuit sought damages and an injunction to stop construction of the cell tower. The state circuit court dismissed the case with prejudice as to all defendants, but Verizon, and a Florida appellate court affirmed. Dkt. 55-2; Dkt. 51 ¶¶ 6–7, 35–37. The instant (second) suit before this Court is against the attorneys involved in the underlying state court litigation.[2]

On June 20, 2025, Plaintiff filed suit in federal court, Dkt. 1, and subsequently amended her complaint three days later. Dkt. 3. This Court dismissed Plaintiff's Amended Complaint for failure to state a claim. Dkt. 38. In the Court's dismissal order, it explicitly warned Plaintiff that "any subsequent complaint that fails to state a claim will be dismissed with prejudice." *Id*. at 13.

Plaintiff then attempted to file another amended complaint on December 9, 2025. Dkt. 40. However, Plaintiff mistakenly forgot to mail all the pages of the amended complaint to the Clerk's office. *See id*.; Dkt. 50 (showing Plaintiff's motion

---

[2] Defendants Steven H. Mezer, Michael J. Brudny, and Lilliana M. Farinas-Sabogal are attorneys for Defendant Becker & Poliakoff, P.A., and represented Landmark Towers at Sand Key Condominium Association Inc. in the underlying state court litigation over the cell tower. Dkt. 42 at 3; Dkt. 55 at 4. Defendant Tirso M. Carreja, Jr., an attorney with Shutts & Bowen LLP, represented Defendant Verizon in the underlying state court litigation over the cell tower. Dkt. 43 at 6; Dkt. 54 at 7.

to correct). The Court granted Plaintiff's motion to correct her Third Amended Complaint. Dkt. 52. Accordingly, Plaintiff's Third Amended Complaint, Dkt. 51, is the operative complaint, which Defendants now moved to dismiss with prejudice. Dkts. 54, 55. The Third Amended Complaint alleges a civil Racketeer Influenced and Corrupt Organizations ("RICO") claim under 18 U.S.C. §§ 1962(c), (d) against all Defendants. Dkt. 51 ¶ 2.

## LEGAL STANDARD

As an initial matter, *pro se* litigants' filings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This liberal reading, however, does not exempt *pro se* plaintiffs from the pleading standards outlined in the Federal Rules of Civil Procedure or the Local Rules of the Middle District of Florida. *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *Caton v. Louis*, No. 2:07-CV-32-FtM-99SPC, 2007 WL 9718731, at *1 (M.D. Fla. Feb. 21, 2007). Moreover, a district court may not serve as a *pro se* plaintiff's "*de facto* counsel" or "rewrite an otherwise deficient pleading. . . ." *See GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in a light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The pleading must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citation modified) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The Court does not need to accept as true any bare legal conclusions offered in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

For the reasons discussed below, the Court grants Defendants' motions to dismiss. As pled, the Court finds that Plaintiff has once again failed to adequately allege a civil RICO claim against Defendants. Plaintiff's Third Amended Complaint is therefore due to be dismissed with prejudice.

### I.   Civil RICO Claim

RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). In addition to creating criminal liability, RICO creates a civil cause of action for "[a]ny person injured in his business or property" by a violation of § 1962. 18 U.S.C. § 1964(c). A plaintiff must allege the following six

elements to bring a RICO claim: "that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). A RICO claim can be dismissed if it fails to plausibly allege any one of these six elements. *Id.*

As to the second element, RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "An 'association-in-fact enterprise is simply a continuing unit that functions with a common purpose.'" *Cisneros*, 972 F.3d at 1211 (quoting *Boyle v. United States*, 556 U.S. 938, 948 (2009)). A plaintiff must allege more than an "abstract common purpose, such as a generally shared interest in making money." *Id.* "[W]here the participants' ultimate purpose is to make money for themselves, a RICO plaintiff must plausibly allege that the participants shared the purpose of enriching themselves through a particular criminal course of conduct." *Id.* "The 'pattern of racketeering activity' element requires that a civil RICO plaintiff establish 'at least two acts of racketeering activity.'" *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 948 (11th Cir. 1997) (citing 18 U.S.C. § 1961(5)).

6

Additionally, civil RICO claims "are essentially a certain breed of fraud claims, [which] must be pled with an increased level of specificity" under Federal Rule of Civil Procedure Rule 9(b). *Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007); *see* Fed. R. Civ. P. 9(b) (requiring that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"). To satisfy rule 9(b), a RICO claim must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the [p]laintiffs; and (4) what the [d]efendants gained by the alleged fraud." *Ambrosia Coal & Constr. Co.*, 482 F.3d at 1316–17.

Here, Plaintiff has failed to plead several elements of her RICO claim. Plaintiff alleges that Defendants Verizon (and its attorney Defendant Carreja) and Becker & Poliakoff, P.A. (and its attorneys) were all in an association-in-fact enterprise together, but fails to allege any common purpose. At most, the Amended Complaint vaguely and abstractly states that the actions taken by Defendants "constituted an unlawful conspiracy to achieve their joint enterprise goals." Dkt. 51 ¶ 15. The conclusory allegation that all the Defendants shared "joint enterprise goals" is totally insufficient to state a RICO claim. *See Cisneros*, 972 F.3d at 1211. Moreover, "[i]t is well established that a RICO enterprise must be an entity separate and distinct from any individual defendant—a person cannot conspire with itself."

7

*Id.* at 1215 (citation omitted). As such, Plaintiff cannot "plead the existence of a RICO enterprise between [Becker & Poliakoff, P.A. and Verizon] and its agents or employees acting within the scope of their roles [as attorneys] for" Becker & Poliakoff, P.A. and Verizon. *Id.* (citation omitted).

Even if Plaintiff adequately pleaded a common purpose between Defendants to "quickly install cell towers" and slash buildout time, Dkt. 51 ¶ 29; *see* Dkt. 59 at 2, Plaintiff has not sufficiently alleged at least two instances of racketeering activity. Plaintiff claims there are "three predicate RICO acts," Dkt. 51 ¶ 14, but only details the actions of Lee Donnelly and Defendant Brudny when allegedly filing a fraudulent amendment to the condominium declaration. *Id.* ¶¶ 15–22. Even when construing Plaintiff's *pro se* complaint liberally, it cannot find sufficient factual allegations for the other alleged predicate acts for mail and wire fraud. *See id.* ¶ 14. At most, Plaintiff only briefly mentions that Defendant Mezer mailed and emailed fraudulent proxy voting sheets to condominium owners. *Id.* ¶ 42. Plaintiff's response also claims that Verizon and Defendant-attorney Carreja Jr. "knew" about the fraudulent amendment, Dkt. 59 at 2, but there is nothing in the Amended Complaint that indicates Verizon or its attorney knew about any alleged fraud in the condominium declaration.

More fundamentally, Plaintiff has failed to meet Rule 9(b)'s heightened pleading standard for the pattern of racketeering activity. Plaintiff asserts Defendants

8

committed "tampering with official records, mail fraud, and wire fraud," Dkt. 51 ¶ 14, but fails to allege any "precise statements, documents, or misrepresentations made" or how the precise misrepresentations misled her. *Ambrosia Coal & Constr. Co.*, 482 F.3d at 1317. The Amended Complaint only provides vague and conclusory allegations that Defendants worked together to achieve some "joint enterprise goals of Becker and Verizon." Dkt. 51 ¶ 15. To be sure, there are several allegations about Defendant Brudny and a fraudulent amendment, *id.* ¶¶ 14–22, but none allege that Plaintiff was misled or specify the time and place of the alleged fraudulent act. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (citation modified) (concluding that the plaintiffs' RICO claims fell short of the heightened Rule 9(b) pleading standard when the claims were "devoid of specific allegations with respect to the separate [d]efendants" but "simply 'lumped together' all of the [d]efendants in their allegations of fraud"). Further, these allegations also only pertain to Defendant Brudny, not to any other Defendant—another fatal flaw in Plaintiff's RICO claim. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) ("The plaintiff must allege facts with respect to each defendant's participation in the fraud."). And the singular mention of Defendant Carreja Jr. appears to be, at best, a spare afterthought. Dkt. 51 ¶ 39.

Similarly, the singular allegation about emails and fraudulent proxy voting sheets fails to satisfy the heightened pleading requirement for mail and wire fraud.

9

Dkt. 51 ¶ 42; *id.* at 36 (showing proxy voting sheet). While Plaintiff provides a single date, there are no other allegations that Plaintiff received any emails or a voting sheet, or that these mailings misled Plaintiff. Nor does the Amended Complaint specify which statements on the proxy voting sheet and in the emails were fraudulent or misleading.

Finally, the Eleventh Circuit teaches that "RICO is designed to address [a claim] that is part of a pattern of ongoing, continuing criminality or that involves criminality that promises to continue into the future." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1265 (11th Cir. 2004). This continuity element is entirely absent in the Amended Complaint, as Plaintiff's allegations plainly failed to allege facts sufficient to establish closed-ended continuity. As discussed above, there is insufficient specificity about the nature and timing of the alleged mail and wire fraud to allow the Court to determine whether there was a closed-ended pattern of racketeering. *See id.* at 1267 (finding "the plaintiffs did not meet the closed-ended continuity requirement necessary to sustain a RICO violation"). Even liberally construing the *pro se* complaint, the Court finds Plaintiff failed to plead her civil RICO claim against each Defendant and dismisses the Third Amended Complaint.

## CONCLUSION

The Eleventh Circuit is clear that this Court must give a *pro se* plaintiff, like Ms. Stillwell, "at least one chance to amend the complaint before the district court

10

dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Plaintiff has already amended her complaint three times. *See* Dkts. 1, 3, 40, 51. This Court previously warned that any subsequent complaint that fails to state a claim will be dismissed with prejudice. Dkt. 38 at 13; *see Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019); *Woldeab*, 885 F.3d at 1291. The instant case appears to be a spite suit against the lawyers who successfully represented litigation in a prior matter. Because Plaintiff has been adequately warned of the consequences of filing a deficient complaint, the Court dismisses the Third Amended Complaint with prejudice. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.  Defendants' Motions to Dismiss, Dkts. 54, 55, are **GRANTED.**

2.  Plaintiff's Third Amended Complaint, Dkt. 51, is **DISMISSED with prejudice.**

3.  The Clerk is directed to **TERMINATE** all pending deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida, on February 18, 2026.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record
Plaintiff, *pro se*